UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cleopatra Thompson,

    Plaintiff,

v.                                                                      Civil Case No. 2:21-cv-11054

Nestle Waters North America, Inc., *et. al.*,        Sean F. Cox
                                                                           United States District Court Judge
    Defendants.

_____/

**OPINION AND ORDER
DENYING IN PART GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS**

    Plaintiff, Cleopatra Thompson ("Thompson") sued Defendants, Nestle Waters North America, Inc. ("Nestle") and Sam's East, Inc. ("Sam's East") (collectively "Defendants") for negligence, breach of implied warranty, and breach of express warranty claims (Am. Compl., ECF No. 6). The matter currently before the Court is Defendants' Motion to Dismiss the First Amended Complaint, brought pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 8). The motion has been fully briefed, and a hearing was held on October 28, 2021.

    For the reasons set forth below, the Court DENIES in part and GRANTS in part Defendants' motion to dismiss. Specifically, the Court:

    (1) DENIES Defendants' motion as to the negligence and breach of implied warranty claims against Nestle (Counts I and II);

    (2) GRANTS Defendants' motion as to the breach of express warranty claim against Nestle and DISMISSES Count III; and

1

    (3) GRANTS Defendants' motion as to the negligence claim against Sam's East and DISMISSES Count IV.

Thompson withdrew Count V in her brief, and she withdrew Count VI at the hearing. (Pl's Br., at PageID 284). As such, the Court shall dismiss Sam's East from this action. The only claims that shall survive this motion are Counts I and II.

## BACKGROUND

    On April 1, 2021, Thompson commenced this action in Genesee County Circuit Court. (Removal, ECF No. 1). On May 7, 2021, Defendants removed the matter to this Court. (ECF No. 1). On May 14, 2021, Defendants filed a motion to dismiss. (ECF No. 2). In response, the Court afforded Thompson the opportunity to file an amended complaint, and Thompson filed her Amended Complaint on June 11, 2021. (ECF No. 6). As such, that pleading superseded and replaced the original complaint.

    The Amended Complaint alleges claims of negligence, breach of implied warranty and express warranty against Nestle (Counts I-III). The Amended Complaint also alleges claims of negligence, breach of implied warranty and express warranty against Sam's East (Counts IV-VI).

    Because this matter comes before the Court on a motion to dismiss the Amended Complaint, the following allegations in Thompson's Amended Complaint are taken as true. (ECF No. 10); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    On April 13, 2020, Thompson purchased of a case of bottled Ice Mountain water at Sam's East. (ECF No. 10, at PageID 157). The water was provided to Sam's East by Nestle. *Id*. When she purchased the case, "the entire case came with plastic wrap intact and covering the bottles of water." *Id*. On May 1, 2020, "by reasons of partaking of said water [Thompson] became sick

2

experiencing burning and soreness in her throat and mouth area." *Id*. On May 2, 2020, Thompson when to the Clio Urgent Care Clinic where she was diagnosed with "acute pharyngitis." *Id*. On May 4, 2020, Thompson spoke with representatives of Nestle and "informed"[1] them. *Id*.

On December 8, 2020,[2] the water was tested at RTI Laboratories. (ECF No. 6, at PageID 157; ECF No. 6-3, at PageID 170). The report by RTI Laboratories concludes, "[a]lthough odor analysis originally discounted chlorinated bleach as a possible contributor to the contaminant, the measured pH (12) and solids spectrum presented is consistent with a chlorinated bleach water contaminant." (ECF No. 6-3, at PageID 170). Thompson asserts that "the aforesaid lab report is consistent with cleaning solution such as bleach making it poisoned water." (ECF No. 6, at PageID 158).

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

Although the Court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a

---

[1] Thompson does not identify what she specifically said to the Nestle representatives in her Amended Complaint.
[2] Date on the report attached by Thompson in Exhibit 3 of the Amended Complaint. (ECF No. 6-3).

factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts." *Id*.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

Because this Court sits in diversity, the substantive law of Michigan governs the claims of in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

Michigan law holds manufacturers (such as Nestle) to a different standard of liability than sellers who are not manufacturers (such as Sam's East). *See* M.C.L. § 600.2947(6)(a),(b). Therefore, the Court shall address the product liability claims against each defendant separately.

**I. Claims Against Nestle**

In the Amended Complaint, Thompson brings claims of negligence (Count I), breach of implied warranty (Count II), and breach of express warranty (Count III) against Nestle. (ECF No. 6, at PageID 158-161).

**A. Negligence (Count I) and Breach of Implied Warranty (Count II)**

In Michigan, a product liability action is defined as "an action based on a legal or equitable theory of liability brought for . . . injury to a person . . . caused by or resulting from the production of a product." M.C.L. § 600.2945(h). "Traditional principles of products liability law recognize three types of defects: manufacturing defects, defects due to faulty design, and defects due to inadequate instructions or warnings." *Fleck v. Titan Tire Corp.,* 177 F.Supp.2d 605, 613 (E.D. Mich. 2001) (citing Rest.3d of Torts § 2 (1998)).

The Michigan Supreme Court has held, "whether a suit is based upon negligence or implied warranty, we require the plaintiff to prove that the product itself is actionable – that something is wrong with it that makes it dangerous." *Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 683, 365 N.W.2d 187 (1984). While the claims may be similar,[3] negligence and implied warranty are recognized as two separate and distinct theories of recovery for product defects in Michigan. *Teal v. Argon Medical Devices, Inc.*, __ F.Supp.3d___, No. 20-cv-11018, 2021 WL 1378783 (E.D. Mich. Apr. 12, 2021) (citing *Auto Club Grp. Ins. Co. v. All-Glass Aquarium Co., Inc.*, 716 F.Supp. 2d 686,689 (E.D. Mich. 2010). "A breach of implied warranty claim tests the 'fitness of the product,' while a negligence claim tests a defendant's conduct to determine 'whether it was reasonable under the circumstances.'" *Id*.

---

[3] Defendants address the claims together and treat the pleading standard as the same. (ECF No. 8).

"The negligence cause of action recognizes that manufacturers have a duty to use reasonable care to produce a product that is reasonably safe for its intended, anticipated, or reasonably foreseeable use." *Meemic Ins. Co. v. Hewlett-Packard Co.*, 717 F.Supp.2d 752, 767 (E.D. Mich. 2010) (citing *Prentis*, 365 N.W.2d at 187). "To establish a manufacturing defect, the plaintiff must show that: (1) the product was defectively manufactured; (2) the product reached the plaintiff in the same condition as it was when it left the manufacturer; and (3) the defect was the proximate cause of the plaintiff's damages." *Meemic*, 717 F.Supp.2d at 768 (citing *Allstate Ins. Co. v. Icon Health & Fitness, Inc.*, 361 F.Supp.2d 673, 677 (E.D. Mich. 2005)). Whereas a breach of implied warranty claim "focuses on the condition of the product, and customarily, a defect can be found regardless of the amount of care utilized by the manufacturer." *Meemic*, 717 F.Supp.2d at 768. "To establish an implied warranty claim, the plaintiff must show: (1) a defect attributable to the manufacturer; (2) when the product left the manufacturer; and (3) that the defect caused the plaintiff's injury." *Id*. The distinction between the two is that:

> [In a negligence action] the plaintiff must prove that the defect was caused by the manufacturer's negligence, whereas under implied warranty theory the plaintiff need only establish that the defect was attributable to the manufacturer, regardless of the amount of care utilized by the manufacturer.

*Id*. (citing 20 Mich. Civ. Jur. Products Liability § 4 (2010)).

Here, Defendants argue that Thompson has failed to plead negligence and breach of implied warranty claims under either theory because she has plead the "elements in conclusory fashion." (Def's Br., at PageID 195).

Defendants analogize Thompson's Amended Complaint to that of the plaintiff in *Buhland v. Federal Cartridge Co. Inc.*, No. 1:12-cv-244, 2013 WL 12085097 (W.D. Mich. May 9, 2013). In *Buhland*, a gun "exploded" while the plaintiff was loading it with ammunition, so the plaintiff

6

sued the ammunition manufacturer. *Id*. at *1. The court held that plaintiff failed to state a claim for negligence because while he made a series of legal conclusions regarding negligence, "[n]owhere in his complaint does he suggest how [the ammunition manufacturer]'s actions in designing the ammunition, testing it, developing, manufacturing, and assembling it, and so on, could have been negligent." *Id*. at *2.

While Thompson's Amended Complaint does state a series of legal conclusions under each count, she has gone an important step further than the plaintiff in *Buhland*: she tested a sample of the water and from the results, she is alleging that the water was contaminated "with cleaning solution such as bleach making it poisoned water." (ECF No. 6, at PageID 158). In *Buhland*, it does not appear from the opinion that the plaintiff ever stated what might have been defective about the ammunition: "he claims that the mere fact that [it] exploded in his face while being chambered is enough to state a plausible claim for negligence." *Buhland*, 2013 WL 12085097 at *2. The equivalent here would be if Thompson alleged the mere fact of her injury after she drank the water was enough to state a claim, but she has gone the important next step further by alleging that Nestle breached its duty by defectively manufacturing and/or testing the water, which resulted in it being "poisoned water." (ECF No. 6, at PageID 158). The distinction is that Thompson has alleged an identifiable defect in the product. She has not merely alleged that she used the product and was injured while using it like the plaintiff in *Buhland*. Therefore, the Court finds that Thompson has sufficiently alleged that the water was defective.

Thompson has also adequately alleged facts to fulfill the other elements of negligence and breach of implied warranty. Thompson alleged "the entire case came with plastic wrap intact and covering the bottles of water." (ECF No. 6, at PageID 157). Thompson has also alleged that the

7

defect caused her injury: "by reason of partaking said water [Thompson] became sick, experiencing burning and soreness in her throat and mouth area." (ECF No. 6, at PageID 157). Therefore, she has alleged sufficient facts to survive a motion to dismiss for both claims.

The Court finds that Thompson has stated a claim for negligence and breach implied warranty against Nestle. Therefore, the Court DENIES Defendants' motion as to Counts I and II.

**B. Breach of Express Warranty (Count III)**

Under Michigan law, "privity of contract is necessary for a remote purchaser to enforce a manufacturer's express warranty." *Montgomery v. Kraft Foods Global, Inc.*, 822 F.3d 304, 308 (6th Cir. 2016) (quoting *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 284 Mich. App. 617, 774 N.W.2d 332, 343 n.12 (2009)). Therefore, to properly plead a breach of express warranty claim, Thompson needs to allege that she was in privity with Nestle. *Teal*, 2021 WL 1378783 at *11.

Defendants correctly argue that Thomson has not alleged that she was in privity with Nestle. (Def's Br., at PageID 198). There is no allegation that Thompson and Nestle were parties to an agreement with one another. *See Teal*, 2021 WL 1378783 at *11. Instead, Thompson alleges that "the water was provided to defendant store by defendant Nestle" and that she relied on the label on the case and the individual bottles that it was safe to drink. (ECF No. 6, at PageID 157, 172). This is insufficient to establish privity of contract between Thompson and Nestle specifically. *Id*. Rather, it shows that Sam's East and Nestle may be in privity of contract with one another, but that privity does not extend to Thompson. "Privity of contract exists between contracting parties and intended beneficiaries." *Schechner v. Whirlpool Corp.*, 237 F.Supp.3d 601, 608 (E.D. Mich.

2017). Without more, an end-user consumer is not automatically an intended beneficiary to a contract between a remote manufacturer and retailer. *Id*.

The Court finds that Thompson has not properly pled a breach of express warranty claim against Nestle. Therefore, the Court GRANTS Defendants' motion as to this claim and DISMISSES Count III.

## II. Claims Against Sam's East

In the Amended Complaint, Thompson brings claims of negligence (Count IV), breach of implied warranty (Count V), and breach of express warranty (Count VI) against Sam's East. (ECF No. 6, at PageID 158-161). However, Thompson withdrew her claim of implied warranty against Sam's East (Count V) in her Response brief (Pl's Br., at PageID 284). At oral argument, Thompson confirmed this and withdrew her claim of express warranty (Count VI) as well. Therefore, the Court will only analyze the negligence claim against Sam's East (Count IV).

Under Michigan Compiled Law § 600.2947, a non-manufacturing seller, such as Sam's East, may only be held liable for a plaintiff's injuries in a product liability action where:

> (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.
>
> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

*See* M.C.L. § 600.2947(6). "In essence, the statute stands for the proposition that a non-manufacturing seller will not be strictly liable for injuries caused by a defective product. Instead, a plaintiff must establish that the seller breached some independent duty to the injured party or

9

breached the terms of an express warranty." *Salazar v. Harbor Freight Tools, USA, Inc.*, No. 16-cv-12674, 2016 WL 6821986 (E.D. Mich. Nov. 18, 2016).

**A. Negligence Claim (Count IV)**

Regarding the negligence claim, in order to demonstrate that a non-manufacturing seller defendant "failed to exercise reasonable care, the court must evaluate whether the plaintiff demonstrated that the defendant knew or should have known of the defect." *Teal*, 2021 WL 1378783 at *4. Upon careful review of Thompson's Amended Complaint, the Court cannot locate any allegations that Sam's East knew or should have known that the water was "poisoned."

Beyond the legal conclusions stated in Count IV, the only factual allegations as to Sam's East are: Thompson purchased the water from Sam's East; the water was provided to Sam's East by Nestle; and when Thompson purchased it, the entire case was covered in intact plastic wrap. (ECF No. 6, at PageID 157). There are no factual allegations that Sam's East knew or should have known that the water was "poisoned."

Therefore, the Court GRANTS Defendants' motion as to the negligence claim against Sam's East and DISMISSES Count IV.

**B. Breach of Implied Warranty (Count V)**

Thompson withdrew her breach of implied warranty claim against Sam's East (Count V) in her Response brief. (Pl's Br., at PageID 284). Thompson confirmed this at the hearing.

**C. Breach of Express Warranty (Count VI)**

At the hearing, Thompson withdrew her breach of express warranty claim against Sam's East (Count VI).

10

## CONCLUSION

For the reasons explained above, the Court:

(1) DENIES Defendants' motion as to the negligence and breach of implied warranty claims against Nestle (Counts I and II);

(2) GRANTS Defendants' motion as to the breach of express warranty claim against Nestle and DISMISSES Count III;

(3) GRANTS Defendants' motion as to the negligence claim against Sam's East and DISMISSES Count IV;

Thompson withdrew Count V in her brief, and she withdrew Count VI at oral argument. (Pl's Br., at PageID 284). As such, the Court DISMISSES Sam's East from this action.

The only claims remaining at issue in this case are Thompson's negligence and breach of implied warranty claims against Nestle (Counts I and II).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 3, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2021, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager